FILED
 2012 Feb-08  PM 03:11
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **SEQUIN SUGGS,** | } |
| **Plaintiff,** | } |
| v. | } |
| | } CASE NO. 5:11-cv-02572-SLB |
| **WALGREENS COMPANY, DBA** | } |
| **WALGREENS STORE NUMBER 06956,** | } |
| **JASON HAUGHTON,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This case is presently before the court on plaintiff's voluntary Motion to Dismiss, (doc. 11)[1], and Motion to Remand, (doc. 12). As more fully discussed herein, plaintiff's motions will be granted.

## PROCEDURAL HISTORY

Plaintiff originally filed this suit in the Circuit Court of Madison County, Alabama, (CV 11-595 LWH). (Doc. 1 at 1.) The Complaint alleged seven claims under Alabama law and an eighth claim for hostile work environment sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. (*See* doc. 1-1.) On July 14, 2011, defendants removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1343, 1441, and 1443. (Doc. 1 at 1.) Then on January 10, 2012, plaintiff, by way of its Motion to Dismiss,

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

informed the court that she did not file the prerequisite complaint with the Equal Employment Opportunity Commission before initiating her lawsuit. (Doc. 11 at 1.) Thus, plaintiff moves to dismiss her Title VII claim and remand the case for lack of a federal question. (*Id.*; doc. 12 at 1.)

## DISCUSSION AND RELEVANT LAW

After the defendant has answered or served a Motion for Summary Judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); *see also Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) ("'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit*, as a result.'" (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir.1986))).

Plaintiff asks the court to dismiss her Title VII claim because she "did not file the prerequisite complaint with the Equal Employment Opportunity Commission." (Doc. 11 at 1.) It is well-settled in the Eleventh Circuit that exhaustion of such administrative remedies is necessary before seeking relief in the courts: "The filing of an administrative complaint with the EEOC is ordinarily a jurisdictional prerequisite to a Title VII action." *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000). Plaintiff voluntarily admits this

deficiency, thus dismissal is proper. Further, the court finds no party will be prejudiced by dismissal of plaintiff's Title VII claim. Neither of the defendants have filed motions to dismiss or motions for summary judgment and the case has only proceeded for approximately six months in this court. The court will dismiss plaintiff's Title VII claim without prejudice. "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2).

Plaintiff also filed a Motion to Remand pursuant to 28 U.S.C. § 1447. (Doc. 12 at 1.) The court has determined that dismissal of plaintiff's Title VII claim is appropriate. Once plaintiff's Title VII claim is dismissed, the only remaining claims are those made under Alabama state law. "Because no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1123 (11th Cir. 2005) (citing 28 U.S.C. § 1367(c); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002)). "Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if [this] court declines to continue to exercise supplemental jurisdiction, [plaintiff's] remaining claim[s] should be remanded to state court." *Id.*; *see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).[2]

---

[2]The *Baggett* court held:

> Resolution of Plaintiffs' state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law. When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the Georgia courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial. The Court finds that judicial

Therefore, plaintiff's Motion to Dismiss her Title VII claim, (doc. 11), is **GRANTED**. Plaintiff's Motion to Remand, (doc. 12), is **GRANTED**. Plaintiff's Title VII claim is **DISMISSED WITHOUT PREJUDICE**. The court **ORDERS** this action **REMANDED** to the Circuit Court of Madison County, Alabama.

**DONE** this 8th day of February, 2012.

                                *Sharon Lovelace Blackburn*
                                SHARON LOVELACE BLACKBURN
                                CHIEF UNITED STATES DISTRICT JUDGE

---

economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts.

*Baggett*, 117 F.3d at 1353 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Eubanks v. Gerwen*, 40 F.3d 1157 (11th Cir.1994)).